## No. 6.

#### EVARTS against DUNTON ET AL. *Franklin*, 1820.

A plaintiff in ejectment, who declares for an interest in *severalty* may *recover* by shew- ing the interest or share of a tenant, in common with the defendant, and on actual evic- tion by defendant,

If the defendant has been guilty of an actual ouster, the burden of proof lies on him to shew the *amount* of his interest or share in the land ; if he neglects this on the trial, the Court will not therefore, grant a new trial to enable him to obtain his share.

THIS was an action of ejectment, in common form, brought

to recover lot No. 35, in the town of Georgia. On the trial, at June term, 1819, several objections were made to deeds, offered on both sides, but the principal question reserved, arose from the charge of the Judge to the Jury.

It appeared, that the plaintiff had shewn a title to the proprietary right of John March, and the defendants had shewn a title to the proprietary right of the first settled minister.

From the evidence adduced on the trial, these questions arose :

1. Whether the lot in question had been severed to the plaintiff's right.

2. Whether it had been severed to the defendant's right.

3. If the lot had not been severed to either right, whether the plaintiff had not been in actual peaceable possession of the lot, and been forcibly expelled from such possession, by the defendants.

The Judge charged the Jury, among other things, that if the plaintiff had no title in *severalty* to the lot in question, and was a proprietor, in common with the defendants, of the town of Georgia ; yet if he was in actual peaceable possession of the lot, or any part, claiming the whole, and the defendants having no title, in severalty, or better possession, expelled the plaintiff from his possession, the plaintiff might recover, *on this declaration.*

Verdict for the plaintiff, for the premises demanded.

Motion for new trial, founded on exceptions to the opinions and charge of the Judge.

In support of the motion it was contended—That the plaintiff had declared for the whole lot No. 35, and a judgment in this suit vests in the plaintiff, as against the defendants, the title to the whole lot :  One tenant in common, can maintain ejectment against his co-tenant, for an actual ouster, but in such case, he must declare for his undivided share.  Runnington on Ejectment 191–2.  12 Mod. 567.

Opinion of the Court.  It has been settled in this State, that

In our action of ejectment, a plaintiff may recover less than what he deceares for :

1. He may sue for a whole lot, and recover a less *quantity* of land.

2. He may declare for an estate in fee, and recover agaist a *stranger*, a term of years. See Ante, No. 5.

3. The question, in this case, is, whether he can declare for an interest in *severalty*, and recover the *interest* or *share* of a tenant in common, against his co-tenant, who has forcibly evicted him.

The Court are of opinion, that the plaintiff may declare for the whole in *severelty*, and the verdict may be returned for the plaintiff to recover such *interest* or *share*, as is conformable to his evidence. See 1 Burr. 326. Chapin v. Scott, Chipman's Rep. 33.

In this case, the verdict was for the whole premises demanded ; but the Court will not grant a new trial, for it appears from the case, that on the trial, the defendants did not claim that the verdict should except any part of the land, and that the defendants did not furnish any evidence, by which the Jury could ascertain the *quantity* of interest, their proprietary share was entitled to : If they had been guilty of an actual ouster, the burden of proof lay on them, to shew *their right*, and the *amount* of their interest.

The defendants did not request the Judge to instruct the Jury, on the subject of returning a verdict, for an undivided share, but only raised the question, whether the plaintiff could recover *at all, on this declaration.*

Finally—The real question, in dispute, was, whether the lot in question, had been severed to the right, either of the plaintiff, or of the defendants, and the Court see no reason why this question should be again litigated.

Motion dismissed, and Judgment rendered on verdict.